UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

LEVI NEEF

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## <u>NOTICE OF REMOVAL OF STATE COURT ACTION</u>

1.     Plaintiff filed a Complaint against the above named Defendant in the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida, styled: LEVI NEEF V. WAL-MART STORES EAST, LP, Case Number 2021-CA-000398.

2.     In this Complaint, Plaintiff claims that he has been damaged due to the negligence of the Defendant.

3.     The Complaint does not allege the damages sought other than alleging that the amount in controversy exceeds the $30,000 State of Florida Circuit Court jurisdictional minimum.

4.     Plaintiff's Civil Cover Sheet, Form 1.997, filed with Florida's Fourth Judicial Circuit on May 13, 2021, indicates the estimated amount of the claim is over $100,000.

5.     The diverse citizenship of the parties and amount in controversy over $100,000 give rise to original jurisdiction pursuant to 28 U.S.C. § 1332, and the Defendant seeks removal to the United States District Court for the Middle District of Florida.

## FEDERAL DIVERSITY JURISDICTION

6.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.     A district court is not bound to the four corners of the complaint to assess jurisdiction.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (internal citations omitted).  The burden is on the defendant to show, by a preponderance of the evidence, facts supporting the existence of jurisdiction.  *Id.*  To calculate the amount in controversy, courts have considered demand letters, settlement offers, and affidavit testimony, among other things.  *See Martin v. Mentor Corp.*, 142 F.Supp2d 1346 (M.D.Fla. 2001) (proposal for settlement provided adequate basis to establish amount in controversy); *Burns*, 31 F.3d at 1097 (offer of settlement was part of analysis to determine amount in controversy).

8.     A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action of which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1441.

### A. Diversity of Citizenship

9.     Plaintiff, LEVI NEEF, now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Clay County, Florida.

10.     For removal purposes, a limited partnership is the citizen of every state in which the organization's partners or members are citizens.  *See, e.g., Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  A corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Wal-Mart Stores East, LP is a Delaware limited

partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company whose sole member is Walmart Inc.  Walmart Inc. is incorporated pursuant to the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and is therefore deemed to be a citizen of the **State of Arkansas** and the **State of Delaware** pursuant to 28 U.S.C. 1332(c)(1).  Accordingly, Wal-Mart Stores East, LP is a citizen of both Arkansas and Delaware for jurisdictional purposes, and is diverse from Plaintiff.

### B. Amount in Controversy

11.     Defendant, as the party invoking federal jurisdiction, carries the burden of proving to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *In re Rezulin Products Liability Litigation*, 133 F.Supp2d 272 (S.D.N.Y. 2001).  The focus of a defendant's efforts need not be whether the plaintiff is likely to secure an amount greater than $75,000.00. *See id.*  Instead, the focus is on the claim, and while plaintiff is the master of its claim whose monetary demand is to be accorded deference, a plaintiff's claim must be made in good faith. *Id.*  As set forth in the State Civil Cover Sheet, Plaintiff alleges damages in excess of $75,000.

12.     The original Complaint was served on May 14, 2021, putting Defendant on notice of the civil Cover Sheet filed on May 13, 2021.   Accordingly, this notice has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has passed since the filing of the original Complaint. Attached hereto as **Composite Exhibit "A"** is a copy of all papers filed to date in the State Court proceedings.

13.     Written notice of the filing of this notice has been furnished to Plaintiff.

14.     A copy of this Notice has been filed with the Clerk of the Circuit Court of the 4th Judicial Circuit, in and for Clay County, Florida.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, respectfully requests this Court assume original jurisdiction and grant this Notice for Removal.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we electronically filed the foregoing document with the Clerk of the Court using CM/ECF this 1st day of June, 2021, on all counsel of record on service list below.

LUKS,   SANTANIELLO,   PETRILLO   &
COHEN
 Attorneys for Defendant
301 W BAY STREET
SUITE 1010
JACKSONVILLE, FL 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196

By:____/s/ Allison B. Ziegler_____
   TODD SPRINGER
   Florida Bar No.: 178410
   JESSALEA M. SHETTLE
   Florida Bar No.: 127614
   ALLISON ZIEGLER
   Florida Bar No.: 0084944
   LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**
Farah and Farah, P.A.
Eric A. Melendez, Esq.
1534 Kingsley Ave.
Orange Park, Florida 32073
emelendez@farahandfarah.com

Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>CLAY</u>  COUNTY, FLORIDA

<u>Levi Neeff</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Wal-Mart Stores East, LP</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Eric Anthony Melendez</u>      Fla. Bar # <u>124787</u>
        Attorney or party           (Bar # if attorney)

<u>Eric Anthony Melendez</u>        <u>05/13/2021</u>
  (type or print name)          Date



**COMPREHENSIVE CASE INFORMATION SYSTEM**

Tara S. Green, Clerk of the Circuit Court

CLAY COUNTY    CCIS



eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 102021CA000398CAAXXX [2021CA000398] | 05/13/2021 | CLAY | | OPEN | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/13/2021 | Other Negligence - Premises Liability Commercial | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SHARRIT, MICHAEL SCOTT | JUDGE | | |
| WAL-MART STORES EAST, LP | DEFENDANT | | |
| MELENDEZ, ERIC A | ATTORNEY | | |
| ZIEGLER, ALLISON BETH | ATTORNEY | | |
| NEEFF, LEVI | PLAINTIFF | MELENDEZ, ERIC ANTHONY | 124787 |

**Dockets**

Page : 1          ALL ∨

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 11 | 05/27/2021 | ORDER SETTING WITHOUT PREJUDICE CASE MANGEMENT SCHEDULE FOR A JURY TRIAL IN A GENERAL CASE | 3 |
| | 10 | 05/19/2021 | NOTICE OF APPEARANCE AS TO WALMART STORES EAST, LP | 2 |
| | 9 | 05/19/2021 | DESIGNATION OF PRIMARY E-MAIL ADDRESS | 2 |
| | 8 | 05/13/2021 | PAYMENT $410.00 RECEIPT #88997 | 1 |
| | 7 | 05/13/2021 | REQUEST FOR ADMISSIONS | 2 |
| | 6 | 05/13/2021 | NOTICE OF SERVING INTERROGATORIES TO DEFENDANT | 1 |
| | 5 | 05/13/2021 | REQUEST FOR PRODUCTION TO DEFENDANT WALMART STORES EAST | 4 |
| | 4 | 05/13/2021 | SUMMONS ISSUED AS TO WALMART STORES EAST | 3 |
| | 3 | 05/13/2021 | COMPLAINT | 3 |
| | 2 | 05/13/2021 | CIVIL COVER SHEET | 3 |
| | 1 | 05/13/2021 | CASE FILED 05/13/2021 CASE NUMBER 2021CA000398 | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

 CT Corporation

**Service of Process Transmittal**
05/14/2021
CT Log Number 539559959

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Neeff Levi, Pltf. vs. Wal-Mart Stores East, LP, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Request(s), Notice, Interrogatories |
| **COURT/AGENCY:** | Clay County Circuit Court, FL<br>Case # 2021CA000398 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/13/2021 - 899 Blanding Blvd., Orange Park, Florida |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2021 at 04:06 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Eric A. Melendez<br>Farah & Farah, P.A.<br>1534 Kingsley Ave.<br>Orange Park, FL 32073<br>904-900-4799 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/15/2021, Expected Purge Date: 05/20/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                      Fri, May 14, 2021

**Server Name:**               JOSHUA WRIGHT

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Agent Name | B01000000392 |
| Case Number | 2021CA000398 |
| Jurisdiction | FL |



Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:   2021CA000398

LEVI NEEFF,

     Plaintiff,

-vs-

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

     Defendants.



_____

**SUMMONS**

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons, the Complaint, Interrogatories,
Request for Production and Request for Admissions, in this action on Defendant,

**WAL-MART STORES EAST, LP**
**c/o C T Corporation System, Registered Agent**
**1200 South Pine Island Road**
**Plantation, FL 33324**

     Each Defendant is required to serve written defenses to the Complaint on Eric A. Melendez,
Esquire, attorney, whose address is FARAH & FARAH, P.A., 1534 Kingsley Ave., Orange Park, FL
32073, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint or petition.  Defendant is also required to
serve responses to Plaintiff's Interrogatories, and Request for Production of Documents on Eric A.
Melendez, Esquire, attorney, whose address is FARAH & FARAH, P.A., 1534 Kingsley Ave., Orange
Park, FL 32073, within forty-five (45) days after service of this Summons on the Defendant as stated
above.

     **WITNESS** my hand and the Seal of said Court this ____ day of _____, 2021.

As Clerk of said Court

By _Rebecca Cruus_ 05/13/2021

     Deputy Clerk



**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904)630-2564 or crtintrp@coj.net, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711.**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed I want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are no other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a coy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

_ Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamanda telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudieses perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legals. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correao o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites juficiaries ont ete enterprises contre vous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdue la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immeidats d'un avocet. Si vous ne connaissez pas d'avacat, vous pourriez

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

FARAH & FARAH, P.A.
**Eric A. Melendez, ESQ.**
Florida Bar No.:  0124787
1534 Kingsley Ave.
Orange Park, FL 32073
(904) 900-4799 (phone/fax)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff

Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:  2021-CA-000398

LEVI NEEFF,

       Plaintiff,

-vs-

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

       Defendants.

_____

## **COMPLAINT**

Plaintiff, LEVI NEEFF, by and through his undersigned attorney, sues Defendant, Wal-Mart Stores East, LP and alleges:

1. This is an action for damages in excess of the jurisdictional limit exclusive of attorney fees and costs.

2. That at all times material hereto, Plaintiff, LEVI NEEFF, was a resident of Clay County, Florida.

3. At all times material hereto Defendant, Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), was authorized to and was doing business as a retail store in the State of Florida, more particularly, Clay County, Florida.

4. On or about February 13, 2021, Plaintiff, LEVI NEEFF, was an invitee at the premise owned and/or operated as a retail store by Defendant Walmart.

5. While an invitee on that property, Plaintiff LEVI NEEFF slipped and fell on a liquid.

## COUNT I

### NEGLIGENCE OF WAL-MART STORES EAST, LP

Plaintiff realleges and reavers Paragraphs 1 through 5 as if fully set forth herein and would further state:

6. On or about February 13, 2021 Defendant, WALMART, was the owner and/or was in possession of a building located at or near 899 Blanding Blvd., Orange Park, Florida that was open to business invitees and business invitees were invited therein.

7. At that time and place, Plaintiff, LEVI NEEFF, was on said property of the Defendant as a business invitee.

8. At all times material hereto, the Defendant, WALMART, as owner and/or possessor of the premises, had a duty to maintain the premises in a reasonably safe condition.

9. Defendant, WALMART, negligently maintained the premises so that a transient substance was on the floor creating a dangerous condition and causing the Plaintiff, LEVI NEEFF, to slip and fall.

10. Defendant, WALMART, had actual knowledge of the substance on the floor, or it had existed for a sufficient length of time or occurred with regularity and was foreseeable so that Defendant had constructive knowledge of the dangerous condition.

11. As a result, Plaintiff, LEVI NEEFF, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, LEVI NEEFF, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, LEVI NEEFF, demands judgment for damages, prejudgment interest, interest and costs against Defendant, Wal-Mart Stores East, LP and trial by jury of all issues herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the above-named Defendant by Process Server.

FARAH & FARAH, P.A.


 s/ Eric A. Melendez

Eric A. Melendez
Florida Bar No.: 0124787
1534 Kingsley Ave.
Orange Park, FL 32073
(904) 900-4799 (phone/fax)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff

Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.: 2021-CA-000398

LEVI NEEFF,

        Plaintiff,

-vs-

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

        Defendants.

_____

## PLAINTIFF'S REQUEST FOR PRODUCTION
## TO DEFENDANT WAL-MART STORES EAST, LP

Plaintiff, LEVI NEEFF, by and through his undersigned attorney and pursuant to Rules 1.280 and 1.350, Florida Rules of Civil Procedure, requests the Defendant, WAL-MART STORES EAST, LP, produce for inspection, copying or photographing at the offices of FARAH & FARAH, P.A., 1534 Kingsley Ave., Orange Park, Florida 32073, within the time provided for in the Rules, each of the following documents:

### DEFINITIONS

As used throughout this Request to Produce, the following terms are defined as follows:

A.     "Document" is used herein in its customary broad sense to include, by way of illustration only and not by way of limitation, the following items, whether printed or reproduced by any process, or written and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, which are in the possession of, subject to the control of, or within the knowledge of Plaintiff, its agents, servants, employees or its counsel; namely, all

written or printed matter of any kind including the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation correspondence, memoranda, notes, speeches, press releases, diaries, calendars, appointment books, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectus, interoffice and intra-office communications, offers, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices modifications, changes and amendments of any kind of the foregoing), graphic or aural records or representations of any kind (including without limitations photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures) and electronics, mechanical or electrical records or representations of any kind (including without limitation, tapes, cassettes, discs, punch-cards and recordings).

B.      The terms "relating to", "in regard to" and "including" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or referring to, directly or indirectly.

C.      "Person" shall mean individual, association, trust, public or private institute, corporation or other legal entity.

## CLAIM OF PRIVILEGE

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      The date(s);

2.      The subject matter(s);

3.      The sender(s) or author(s);

4.      The recipient(s);

5.      The persons to whom copies were furnished, together With their job titles; and

6.      The basis on which privilege is claimed.

## GROUPING OR NUMBERING OF ITEMS PRODUCED

It is requested that the documents or other items submitted in response to this Request to Produce be grouped according to the individual request to which it is responsive and within each group, arranged in chronological order.

## ITEMS TO BE PRODUCED

1.      All statements made by any witnesses to the subject accident prior to the initiation of litigation by Plaintiff.

2.      All statements made by Plaintiff pertaining to or concerning any subject matter.

3.      All insurance agreements, insurance policies or agreements of any kind or nature under which any person or company conducting the business of insurance may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

4.      All photographs of Plaintiff depicting injuries received in the subject accident.

5.      All photographs of the accident scene and surrounding areas.

6.      All photographs of the dangerous condition as alleged in Plaintiff's Complaint.

7.      All surveillance video/pictures of Plaintiff taken during or following the subject accident.

8.      All written documents received by Defendant prior to or on the date of this incident relating to or discussing the condition which Plaintiff alleges to be a dangerous condition in Plaintiff's Complaint.

9.      All inspection reports, logs, sweep sheets or other documentation regarding inspections made on Defendant's premises for the year preceding the accident to and including the date of the accident alleged in Plaintiff's Complaint.

10. All accident and/or incident reports regarding the accident alleged in Plaintiff's Complaint containing information given to Defendant's employee(s) by Plaintiff after the accident.

11. All other accident and/or incident reports regarding the accident alleged in Plaintiff's Complaint.

12. All accident and/or incident reports regarding individuals, including employees, who were injured on Defendant's premises for the two years preceding the date of the accident alleged in Plaintiff's Complaint.

13. All Defendant's policies and/or procedures manuals or documents regarding:
    a. Inspection of the premises by employees or other individuals;
    b. Discovery of any dangerous condition on Defendant's premises by employees;
    c. Correcting of any dangerous conditions on Defendant's premises by employees; and,
    d. Reporting or documenting of accidents occurring on Defendant's premises.

14. All records, time cards, time sheets or other documentation reflecting all employees working and hours worked on the day of the accident alleged in Plaintiff's Complaint.

15. Surveillance footage of the area of the accident described in plaintiff's deposition for a period of 2 hours prior to plaintiff's accident.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing has been furnished to by process server to Defendant, along with the Complaint and Summons.

FARAH & FARAH, P.A.

s/ Eric A. Melendez
Eric A. Melendez
Florida Bar No.: 0124787
1534 Kingsley Ave.
Orange Park, FL 32073
(904) 900-4799 (phone/facsimile)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff

Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:2021-CA-000398

LEVI NEEFF,

       Plaintiff,

-vs-

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

       Defendants.

---

## PLAINTIFF'S REQUEST FOR ADMISSIONS

    Plaintiff, Levi Neeff, by and through undersigned counsel and pursuant to Rules 1.370,

Florida Rules of Civil Procedure, requests the Defendant, Wal-Mart Stores East, LP, to admit the

following:

1. On the date of the incident alleged in Plaintiff's Complaint, Defendant had possession and control of the store known as Wal-Mart.

2. On the date of the incident alleged in Plaintiff's Complaint, Defendant, as listed in the caption of this action, was the legal titled owner of the store where this incident occurred.

3. Defendant is correctly named as listed in the caption of this action.

4. On the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for the maintenance and repair of the premises to the store known as Wal-Mart.

5. On the date of the incident alleged in Plaintiff's Complaint, Defendant was responsible for inspecting the premises for defects and dangerous conditions.

6. A written policy of inspection exists with respect to Defendant's premises.

7. A verbal policy of inspection exists with respect to Defendant's premises.

[7772135/1]

8.    On the date of the incident alleged in Plaintiff's Complaint, Plaintiff, Levi Neeff, fell upon Defendant's premises.

9.    As a result of the incident alleged in Plaintiff's Complaint, Plaintiff, Levi Neeff, sustained injuries.

10.   Defendant's negligence was the sole cause of the injuries sustained by Plaintiff as specified in the Complaint and Plaintiff was not negligent in any way.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing has been furnished to by process server to Defendant, along with the Complaint and Summons.

FARAH & FARAH, P.A.

  s/ Eric A. Melendez
Eric A. Melendez
Florida Bar No.:  0124787
1534 Kingsley Ave.
Orange Park, FL  32073
(904) 900-4799 (phone/facsimile)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff

[7772135/1]

Filing # 126754530 E-Filed 05/13/2021 01:36:47 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.: 2021-CA-000398

LEVI NEEFF

       Plaintiff,

-vs-

WAL-MART STORES EAST, LP. a Foreign
Limited Partnership,

       Defendant

---

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT, WAL-MART STORES EAST, LP

COMES NOW the Plaintiff, by and through undersigned counsel, in accordance with the

applicable Rules of Civil Procedure and within the time affixed thereby, hereby give notice to

Wal-Mart Stores East, LP, to answer, under oath and in writing, the attached interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing has been furnished to by process server to
Defendant, along with the Complaint and Summons.

FARAH & FARAH, P.A.

    s/ Eric A. Melendez
Eric A. Melendez
Florida Bar No.: 0124787
1534 Kingsley Ave.
Orange Park, FL 32073
(904) 900-4799 (phone/facsimile)
emelendez@farahandfarah.com
cfigueroa@farahandfarah.com
Attorney for Plaintiff

[7772048/1]

## INTERROGATORIES TO DEFENDANT, WAL-MART STORES EAST, LP

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Is the Defendant a corporation?  If so, state the name stated in the current articles of incorporation, all other names used by the corporation during the past ten (10) years and the dates each was used, the date and place of incorporation, the address of the principal place of business and whether you are qualified to do business in Florida, and please indicate the name(s), position(s), and address(es) of each such person providing the information contained in your answer.

3.  Is Defendant self-insured under any statute?  If so, specify the statute, and please indicate the name(s), position(s), and address(es) of each such person providing the information contained in your answer.

4.  Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies:  the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.  Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent this incident.

6.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.  State the facts upon which you rely for each affirmative defense in your answer.

8.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

10.   Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

11.   State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.   Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

13.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

14.    Please state the name, address, phone number, date of birth, and job title of any persons who were responsible for the maintenance and/or inspection of the area in which Plaintiff fell as alleged in the Complaint on the date of the alleged occurrence, and for the two (2) years immediately preceding said date, including outside contractors.

15.    State the name, address, phone number, date of birth, job title and responsibilities of all employees on duty on the date of the occurrence as alleged in the Complaint and their location at the time of the events set forth in the Complaint.

16.    State the name, address, phone number, date of birth, job title and responsibilities of all employees who rendered aid or assistance to Plaintiff after the incident alleged in Plaintiff's Complaint.

17.    Did you or any employee receive any complaint, warning, or other notice concerning the condition of the area where Plaintiff fell before the date of the incident alleged in the Complaint? If so, state the date and time received, the substance of said notice, the name or other means of identification and address and phone number of the person by whom it was given, the nature and location of the condition complained of and what actions, if any were taken as a result.

18.    Has any other accident occurred within the last three (3) years prior to the date of the incident alleged in Plaintiff's Complaint on your premises in the same area or in a similar manner to the incident in which Plaintiff was injured? If so, state the date and time it occurred, a description of how it occurred, the name or other means of identification and address and phone number of the person to whom it occurred, the location in which it occurred and what, if any, safety precautions were taken as a result.

19.   In the year prior to the subject accident, has any employee of Defendant ever discovered a condition similar to the dangerous condition alleged in Plaintiff's Complaint on Defendant's premises?  If so, please list what steps were taken to warn customers of the dangerous condition and/or to correct the dangerous condition.

20.   Was an investigation made by you or on your behalf as a result of the incident described in the complaint?  If so, state the date it was made, the name, address, phone number, and occupation of each person who made it and whether any report was made of it.

21.   Please describe the inspection procedures in place on the date of the incident and for the year prior to that date for the area where the incident alleged in Plaintiff's Complaint occurred.

22.   Please list any and all forms which were filled out as a result of or concurrent with the inspections described in the preceding paragraph.  (Forms include routine check lists completed during each inspection as well as any documentation noting potential dangerous conditions found at the inspection site.)

23.   Please list any and all steps or preventive measures taken by Defendant to prevent the dangerous condition alleged in Plaintiff's Complaint from occurring or existing on Defendant's premises.

[7772048/1]

———————————————————————
**Authorized Representative of**
**Wal-Mart Stores East, LP**

STATE OF _____

COUNTY OF _____

BEFORE       ME,       the       undersigned       authority,       personally       appeared
_____ this _____ day of _____ , 2021 who, after first
being duly sworn, states that the above and foregoing Answers to Interrogatories are true and correct.


———————————————————————
NOTARY PUBLIC
State of Florida

My Commission Expires:

WAL-35641K /:STF

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR CLAY COUNTY,
FLORIDA

CASE NO.:  2021-CA-000398

LEVI NEEFF,

　　　　　Plaintiff(s),

vs.

WAL-MART STORES EAST, LP, a Foreign
Limited Partnership,

　　　　　Defendant(s).

_____/

## NOTICE OF APPEARANCE

　　　　The Law Firm of LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND, hereby files its Notice of Appearance as Counsel for Defendants, Wal-Mart Stores East, LP, herein and requests service of all pleadings, notices and other papers in this matter.

## CERTIFICATE OF SERVICE

　　　　WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 19th day of May, 2021.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> Attorneys for Defendant
> 301 W. BAY STREET #1010
> JACKSONVILLE, FL 32202
> Telephone:  904-791-9191
> Facsimile:  904-791-9196

Case No.: 2021-CA-000398
Page 2

By: ___/s/ Allison B. Ziegler_____
    Jessalea M. Shettle
    Florida Bar No.: 127614
    Allison B Ziegler
    Florida Bar No.:  84944
    LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**

Farah and Farah, P.A.
Eric A. Melendez, Esq.
1534 Kingsley Ave.
Orange Park, Florida 32073
emelendez@farahandfarah.com

Case 3:21-cv-00562-BJD-JBT   Document 1   Filed 06/01/21   Page 31 of 39 PageID 31

IN THE CIRCUIT COURT, FOURTH JUDICIAL
CIRCUIT, IN AND FOR CLAY COUNTY,
FLORIDA

CASE NO.:  2021-CA-000398

LEVI NEEFF,

       Plaintiff(s),

v.

WAL-MART STORES EAST, LP, A FOREIGN
LIMITED PARTNERSHIP,

       Defendant(s).

_____/.

### <u>NOTICE OF DESIGNATION OF E-MAIL ADDRESSES</u>

       Defendant, Wal-Mart Stores East, LP, by and through the undersigned counsel,

hereby files this Notice of Designation of E-mail Addresses pursuant to Fla. R. Jud.

Admin. 2.516, and notify all parties that the following e-mail address is the designated

e-mail address for service of all pleadings or other documents required to be served in

this matter.

       LUKSJAX-Pleadings@LS-Law.com

**\*\*THIS EMAIL ADDRESS IS FOR THE SERVICES OF COURT
DOCUMENTS <u>ONLY</u>.  ALL OTHER COMMUNICATIONS SHOULD BE
DIRECTED TO THE ATTORNEY OF RECORD.\*\***

Case No.: 2021-CA-000398
Page 2

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished via Electronic Mail, to all counsel of record on the attached Service List, this

<u>19th</u> day of May, 2021.

> LUKS, SANTANIELLO, PETRILLO, COHEN
> & PETERFRIEND
> Attorneys for Defendant
> 301 W. BAY STREET #1010
> JACKSONVILLE, FL 32202
> Telephone:  904-791-9191
> Facsimile:  904-791-9196
>
>
> By:____/s/ Allison B. Ziegler_____
>      Jessalea M. Shettle
>      Florida Bar No.: 127614
>      Allison B Ziegler
>      Florida Bar No.:  84944
>      LUKSJAX-Pleadings@LS-Law.com

## <u>SERVICE LIST</u>

Farah and Farah, P.A.
Eric A. Melendez, Esq.
1534 Kingsley Ave.
Orange Park, Florida 32073
emelendez@farahandfarah.com

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR CLAY COUNTY, FLORIDA

CASE NO.:  2021-CA-000398

LEVI NEEFF,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP, A FOREIGN
LIMITED PARTNERSHIP,

       Defendants.

_____ /

**DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL
TO PLAINTIFF'S COMPLAINT**

       Defendant, WALMART STORES EAST, LP, by and through undersigned counsel, and

pursuant to Florida Rule of Civil Procedure 1.110, hereby serves Defendant's Answer,

Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Original Complaint, as

follows:

**ANSWER**

    1.     Admitted, at this time, for jurisdictional purposes only.

    2.     Unknown, therefore denied.

    3.     Admitted.

    4.     Unknown as to the status of the Plaintiff, therefore denied.

    5.     Denied.

**COUNT I**

Defendant re-alleges and re-avers Paragraphs 1 through 5 as if fully set forth herein.

6.      Admitted.

7.      Unknown, therefore denied.

8.      Denied as phrased.

9.      Denied.

10.     Denied.

11.     Denied.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.      The Plaintiff was negligent, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for Plaintiff's own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages, as the Doctrine of Joint and Several Liability has been abolished.

4.      Plaintiff has received, or is entitled to receive, payments from collateral sources as identified by Section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control. In accordance with Section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

6.      Plaintiff failed to mitigate or minimize Plaintiff's damages, if any.

7.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9.      The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.

10.     Plaintiff failed to take ordinary and reasonable care in conducting himself on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.     This Defendant did not create, and had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself of all defenses and burdens required of Plaintiff pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.     If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.     At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

14.     The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

15.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

16.     Plaintiff has not satisfied all conditions precedent to filing this suit against this Defendant and/or the subject action is barred by the Statute of Limitations.

17.     Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

18.     Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy, and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

19.     Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

20.     Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

21.     The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

22.     To the extent that the Plaintiff failed to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate its damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 28th day of May, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
301 W Bay Street,  #1050
Jacksonville, FL, 32202
Telephone: (904) 791-9191
Fax: (904) 791-9196


By:___/s/ Allison B. Ziegler_____
   TODD SPRINGER
   Florida Bar No.: 178410
   JESSALEA M. SHETTLE
   Florida Bar No.: 127614
   ALLISON ZIEGLER
   Florida Bar No.: 0084944
   LUKSJAX-Pleadings@LS-Law.com

**SERVICE LIST**

Farah and Farah, P.A.
Eric A. Melendez, Esq.
1534 Kingsley Ave.
Orange Park, Florida 32073
emelendez@farahandfarah.com